IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TERRY L. CRAFT, #L-4910**                                                                                          **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 4:06-cv-132-TSL-LRA**

**WARDEN GRIMES, et al.**                                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC) and currently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983. On April 18, 2007, an order [11] was entered which directed the Plaintiff to file a written response, within twenty days. The order warned Plaintiff that his failure to timely comply with the requirements of the order would result in the dismissal of his complaint. Plaintiff failed to comply with this order.

On May 30, 2007, an order [12] was entered directing the Plaintiff to show cause, within twenty days, why this case should not be dismissed for his failure to comply with the Court's April 18, 2007 order. In addition, Plaintiff was directed to comply with the Court's order by filing a written response, within twenty days. The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. Plaintiff did not comply with the Court's show cause order.

Plaintiff has failed to comply with two Court orders. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule

41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 10th day of July, 2007.

    /s/Tom S. Lee
UNITED STATES DISTRICT JUDGE